**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 1:21-cr-00346-SDG |
| DEUNTRAE COLLEY, Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Deuntrae Colley's objections to his Presentence Report (PSR), particularly regarding his base offense level.[1] After careful consideration of the briefing and arguments at the sentencing hearing, Colley's objection as to the controlled substance convictions is **OVERRULED**, and his objection as to the robbery offense is **OVERRULED AS MOOT**.

**I.   Background**

On July 21, 2022, Deauntrae Colley pled guilty to one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).[2] Probation prepared a Presentence Report (PSR), which assessed a base offense level of twenty-four

---

[1]   *See* Defendant's Sentencing Memorandum [ECF 48].

[2]   ECF 40.

pursuant to § 2K2.1(a)(2).³ The applicable portion of § 2K2.1(a)(2) sets the base offense level to twenty-four where "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence *or* a controlled substance offense." According to the PSR, Colley has three convictions for crimes of violence or controlled substance offenses: one conviction for robbery, and two convictions for controlled substance offenses (Possession of Cocaine with Intent to Distribute and Sale of Cocaine). Accordingly, Probation set Colley's base offense level at twenty-four. Colley objects to these calculations and presents two arguments. First, he argues that his Georgia robbery conviction does not constitute a crime of violence under the guidelines.⁴ Second, he argues that his Georgia convictions for possession of cocaine with intent to distribute and for the sale of cocaine are not controlled substance offenses under the guidelines.⁵

## II.   Discussion

When sentencing a defendant, a court must first determine the appropriate sentencing range by consulting the advisory guidelines. *Gall v. United States*, 552

---

3    PSR, ¶ 18.

4    ECF 48, at 2.

5    *Id.* at 16.

U.S. 38, 49 (2007). These guidelines provide a sentence range to ensure national consistency, but district judges are required to make an individualized assessment of each defendant to determine a reasonable sentence based on the factors set forth in 18 U.S.C. § 3553(a). The guidelines are intended to provide an initial benchmark. This benchmark is set using a matrix that considers the charged crime and criminal history.

Section 2K2.1 of the sentencing guidelines governs convictions for possession of a firearm by a convicted felon (18 USC § 922(g)(1)). The Application Note to § 2K2.1(a)(2) explains that the term "'controlled substance offense' has the meaning given to that term in § 4B1.2(b).'" That section defines a controlled substance offense as:

> an offense under *federal or state law*, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The Court recognizes, and the parties agree, that the circuits are split on whether the term "controlled substance" under U.S.S.G. § 4B1.2(b) requires courts to apply the federal definition of a controlled substance or whether state law

definitions are sufficient, and there is no controlling decision by the Eleventh Circuit.[6] The Government and Colley disagree as to which circuits this Court should follow. Defendant argues that, to qualify as a "controlled substance" within the meaning of § 4B1.2(b), the substance at issue in the prior conviction must also qualify as a controlled substance under federal law. The Government argues that, based on the language in the sentencing guidelines, the Court should apply the plain meaning of the term "controlled substance" and not import the federal definition when the Sentencing Commission did not.

The Government and Defendant identify two cases, neither of which is controlling, and which each point to opposite outcomes in the case at hand. Colley relies on *United States v. Stevens*, where the defendant challenged the district court's determination that his 2003 Georgia felony conviction for possession with intent to distribute marijuana qualified as a "controlled substance offense" for purposes of applying the career offender enhancement under § 4B1.1(a). The court

---

[6]   At least three circuits read the federal Controlled Substance Act definition into § 4B1.2(b). *See United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018); *United States v. Gomez-Alvarez*, 781 F.3d 787 (5th Cir. 2015); *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021). However, four others do not. *See United States v. Ward*, 972 F.3d 364 (4th Cir. 2020); *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020); *United States v. Henderson*, 11 F.4th 713 (8th Cir. 2021); *United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021).

held that it did qualify, stating "that marijuana may not constitute a 'controlled substance' under Georgia law is immaterial. The Guidelines are governed by definitions set forth in federal law, not state law." 654 F. App'x 984, 987 (11th Cir. 2016). By contrast, the Government cites *United States v. Howard*, another unpublished opinion in which the Eleventh Circuit rejected the defendant's argument that "controlled substance" under § 4B1.2 refers only to those illegal substances that are federally controlled. 767 F. App'x 779, 785 n.2 (11th Cir. 2019). The court went further, noting that "§ 4B1.2 explicitly refers to 'controlled substance offense' as an 'offense under federal or state law.'" *Id*. The Court finds the Government's arguments to be more persuasive.

First, the guidelines explicitly reference that predicate offenses can be based on federal *or* state law. Colley asks this Court to read "controlled substance" in the guidelines as incorporating only the drugs, and more specifically, the isomers, regulated by the federal Controlled Substances Act. However, as the Government points out, the sentencing guidelines do not contain any such directive. Congress could have included language that directed courts to apply the controlled substance definition in the Controlled Substance Act. In fact, it did exactly that in the Armed Career Criminal Act. 18 U.S.C. § 924(e)(2)(A)("…. controlled substance

(as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))…."). It notably did not do so here.

The Court is further persuaded that the Sentencing Commission did not intend to define "controlled substance" solely according to the federal definition because it incorporated federal law definitions in the provisions immediately preceding the provision at issue. As the Government points out, the Commission "understood how to cross-reference other federal provisions and definitions." *United States v. Ward*, 972 F.3d 364, 373 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2864 (2021). For example, § 4B1.2(a)(2) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [involves] . . . the use or unlawful possession of *a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)*." *Id.* (emphasis added). If the Commission wanted to tether the meaning of "controlled substance" to a particular federal definition, it could have done so, as it did in the provision immediately preceding § 4B1.2(b). However, it did not. According to the Eleventh Circuit, "[w]e look to the plain language of the definitions to determine their elements, and we presume that Congress and the Sentencing Commission said what they meant and meant what they said." *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014) (citations omitted).

Finally, the Eleventh Circuit has instructed courts to look to both popular and legal dictionaries to help "determine the ordinary meaning of an undefined statutory term." *Spencer v. Specialty Foundry Prod. Inc.*, 953 F.3d 735, 740 (11th Cir. 2020). The Court thus turns to the plain meaning of "controlled substance" to determine whether Defendant's underlying offenses relating to cocaine falls under this umbrella. There can be little doubt that it does. Black's Law Dictionary defines "controlled substance" as "any type of drug whose manufacture, possession, and use is regulated by law, including a narcotic, a stimulant, or a hallucinogen." Controlled Substance, BLACK'S LAW DICTIONARY 417 (11th ed. 2019). And the American Heritage Dictionary defines the term as "a drug or chemical substance whose possession and use are prohibited by or regulated under the federal Controlled Substances Act or an analogous state law." Controlled Substance, American Heritage Dictionary,

https://www.ahdictionary.com/word/search.html?q=controlled+substance

(last accessed Jan. 11, 2023). It is common sense that cocaine, one of the most prolific illegal narcotics on the planet, constitutes a 'controlled substance' pursuant to the plain meaning of the term. Cocaine is also a controlled substance under Georgia state law. O.C.G.A. § 16-13-26(1)(D) (defining cocaine as a Schedule II controlled substance). Colley's conviction for possession with intent to sell cocaine

as well as his sale of cocaine conviction therefore qualify under § 2K2.1(a)(2) as two felony convictions for a controlled substance offense. Accordingly, a base level offense of twenty-four was properly assessed, regardless of whether Colley's robbery conviction qualifies as a crime of violence.[7]

### III. Conclusion

Colley's objection to the PSR's determination that his convictions qualified as controlled substance convictions is **OVERRULED** and his objection to the PSR's determination that his robbery conviction qualifies as a crime of violence is **OVERRULED AS MOOT**. The Defendant's continued sentencing hearing remains scheduled for February 22, 2023 at 2:00 pm.

**SO ORDERED** this 11th day of January, 2023.

Steven D. Grimberg
United States District Court Judge

---

[7] The Eleventh Circuit recently settled the debate on whether a robbery conviction qualifies as a crime of violence in *United States v. Harrison*, holding that Georgia's robbery statute, O.C.G.A. § 16-8-40, is divisible under *Mathis v. United States*, 579 U.S. 500 (2016), and that robbery by intimidation under Georgia law constitutes a crime of violence within the meaning of § 4B1.2. No. 21-14514 (11th Cir. Jan 10, 2023).